IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN RANDOLPH WATTS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|   v. | : | |
| | : | NO. 19-957 |
| | : | |
| ANDREW SAUL[1], | : | |
| Commissioner of Social Security | : | |
| Administration, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                          March 11, 2020

      This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), which denied the application of Stephen Randolph Watts ("Watts" or "Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). Presently before the Court is "Plaintiff's Brief and Statement of Issues in Support of His Request for Review" ("Pl. Br.") (Doc. 13); "Defendant's Response to Request for Review of Plaintiff" ("Def. Br.") (Doc. 14); and "Plaintiff's Reply to Defendant's Response to Request for Review of Plaintiff" ("Pl. Reply") (Doc. 16); together with the record of the proceedings before the Administrative Law Judge ("ALJ") (Doc. 10). Plaintiff asks the court to "reverse the Commissioner's final decision and remand this case for payment of SSI benefits based on the current record. In the alternative, for the foregoing reasons and because of the requirement of

---

[1] Andrew Saul became the Acting Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul should be substituted for the former Acting Commissioner, Nancy A. Berryhill, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

*Lucia v. SEC*, 138 S.Ct. 2044 (2018), it is requested that the matter be remanded for additional administrative proceedings and a decision which complies with prevailing law." (Pl. Br. at 9–10). The Commissioner asks the court to affirm the ALJ's decision. (Def. Br. at 21). For the reasons set out below, we grant Plaintiff's request for review, vacate the administrative decision, and remand the matter to the Commissioner for further proceedings.

I.     FACTUAL AND PROCEDURAL HISTORY

The request for review presently before the Court concerns an administrative decision rendered by an ALJ on August 25, 2017, which resolved claims for DIB and SSI that Watts filed on June 11, 2014. (R. 14, 182, 189). The state agency denied Watts' claims on January 8, 2015. (R. 110, 114). The matter proceeded to a hearing before an ALJ on May 5, 2017, at which Watts was represented by counsel. (R. 37). Watts testified at the hearing as did his fiancé, Renee Williams Watts, and a vocational expert, Vanessa J. Ennis. (R. 37–83).

In his application for benefits Watts alleged disability beginning on April 1, 2015. (R. 189). In his Disability Report he listed his conditions as "back problems," "diabetes," "high blood pressure," "cyst in kidney," "bulging disc in back," and "depression." (R. 228). In his Function Report he indications that he is "constantly in pain, [he] can't stand for a long time, [he] can't really lift anything or walk far, and [he is] always depressed." (R. 236).

On August 25, 2017, the ALJ issued his decision that Watts was not disabled as "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. 30). Watts sought review in the Appeals Counsel but on January 10, 2019 that body declined to disturb the ALJ's decision, rendering it the final decision of the Commissioner. (R. 1). This litigation followed.

## II. APPOINTMENTS CLAUSE

Before making substantive argument in his brief about the deficiencies of the ALJ's decision, Watts raised an Appointments Clause challenge, asking that the case "be remanded for a *de novo* hearing before a different ALJ." (Pl. Br. at 3). This constitutional claim relies on the United States Supreme Court's holding in *Lucia v. SEC*, which held that the Securities and Exchange Commission ("SEC") ALJs are "Officers of the United States" subject to the Appointments Clause. 138 S. Ct. 2044, 2049 (2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." U.S. CONST. art. II, § 2, cl. 2. As none of those actors had appointed the SEC ALJs in *Lucia*, the Supreme Court held that the appointment was in violation of the Clause.

*Lucia*'s reasoning has been applied to other ALJs in other agencies, requiring that they, as "inferior officers," be appointed according to the Appointments Clause. *See, e.g.*, *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019) (FDIC ALJs); *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018) (Department of Labor Federal Mine Safety and Health Review Commission ALJs); *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) (Department of Labor Benefits Review Board ALJs). It is uncontested the SSA ALJs were not appointed pursuant to the Appointments Clause until July 16, 2018. Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018). On July 16, 2018, "the Acting Commissioner ratified the appointment of ALJs [Administrative Law Judges] and AAJs [Administrative Appeals Judges] and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims." Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the

Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

Watts filed his application for benefits on June 11, 2014. (R. 182, 189). A hearing was held before an ALJ on May 5, 2017. (R. 37). A decision was then issued on August 25, 2017. (R. 14). While Plaintiff did not raise an Appointments Clause challenge to the appointment of the Social Security Administration ("SSA") ALJ during her administrative proceedings, it is the case that the ALJ was not properly appointed. The SSA does not dispute the appointment deficiency, but argues that the argument has been waived as she failed to exhaust that claim. (Def. Br. at 20).

The issue of whether an Appointments Clause challenge to a SSA ALJ requires the plaintiff to have exhausted this claim during the administrative proceedings came before the Third Circuit Court of Appeals in *Cirko v. Commissioner of Social Security*, Nos. 19-1772, 19-1773, 2020 WL 370832 (3rd Cir. Jan. 23, 2020) on appeal from the United States District Court for the Middle District of Pennsylvania, where the "District Court declined to require exhaustion, vacated the agency's decisions, and remanded for new hearings before different, properly appointed ALJs." *Id.* at *1. The Commissioner appealed that district court decision, and the appellate decision had not been issued at the time Watts and the Commissioner filed their briefs. In *Cirko*, the court of appeals considered the purpose of the Appointments Clause, the interest of a claimant in maintaining an Appointments Clause challenge, and the governmental interest in requiring exhaustion. Ultimately, the court of appeals affirmed the District Court's judgment. This opinion leads us to our conclusion here that the ALJ's decision in Watts' case must be vacated and the case remanded for a new hearing before a different, properly appointed ALJ.

Typically, we would not reach Watts' additional claim in that we have found a basis for remand and any other alleged errors may be cured upon remand. *See Steininger v. Barnhart*, No.

4

04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) (where basis for remand is found, additional arguments need not be addressed as ALJ may reverse his findings after remand). However, Watts sought a remand "for payment of SSI benefits," not merely a remand for a new hearing. As this is a broader request, we address briefly whether he is entitled to such relief.

## III. STANDARD OF REVIEW

In determining whether the ALJ's decision should remain, this Court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." *Rutherford*, 399 F.3d at 552. The factual findings of the Commissioner must be accepted as conclusive, provided they are supported by substantial evidence. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)); *Rutherford*, 399 F.3d at 552. The review of legal questions presented by the Commissioner's decision, however, is plenary. *Shaudeck v. Commissioner of Social Security Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

For a plaintiff to be entitled to an award of benefits rather than a remand she must demonstrate that not only is the ALJ's decision not supported by substantial evidence, but further that "substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Newell v. Commissioner of Social Security Admin.*, 347 F.3d 541, 549 (3d Cir. 2003). In such instances an award of benefits may be appropriate where there is "no value to a remand." *Podedworny v. Harris*, 745 F.2d 210, 213 (3d Cir. 1984). In *Podedworny* the court determined that a remand would provide "no value" as there were three indicated ways in which "the Secretary's decision [was] not supported by substantial evidence" and there had already been

two hearings before the ALJ. *Id.* at 213. Considering errors in the decision the court explained that while these errors would typically be remedied through a remand, "when these matters are considered together, and in light of the evidence developed in two hearings before the ALJ, it appears highly unlikely that the Secretary could, after a third proceeding, develop a record that would support a finding that the appellant is not disabled." *Id.* The Third Circuit remanded the case to the district court for an award of benefits to be issued based on the court's finding that a new hearing would not be productive and that "appellant [had] already waited so long for a proper determination." *Id.*

## IV. DISCUSSION

Based on the Appointments Clause issue in this case we have already determined that a remand is warranted. Plaintiff will thus receive a new hearing before a different ALJ. Nonetheless, we provide a brief discussion of Watts' request for an award of benefits, limiting our analysis to whether an award above and beyond a remand would be warranted. We first note that Watts does not cite to any case law or provide any specific analysis to support his request for an award of benefits. Further, while in *Podedworny* the Third Circuit instructs that an award of benefits may be issued, such an award is inappropriate here for due to the lack of a constitutionally appointed ALJ. *Podedworny*, 745 F.2d at 221.

As we instruct that the ALJ's decision be vacated due to the Appointments Clause infirmity, it would be inappropriate for us to consider the hearing testimony and the ALJ decision. In *Podedworny* where an award of benefits was issued the Third Circuit found such a remedy appropriate only after reviewing a fully developed record from two hearings, where the Circuit Court apparently was of the opinion that it was "highly unlikely that the Secretary could, after a third proceeding, develop a record that would support a finding at step five that the appellant is

6

not disabled." *Podedworny*, 745 F.2d at 213. The court considered in that case that the award of benefits was appropriate where there would be "no value to a remand." *Id.* This authority stands in sharp contrast to this case given the constitutional deficiency. The alleged errors that Watts raised in his brief, and the Commissioner's defense of the ALJ's finding both rely on consideration of the ALJ's decision. We are unable to consider the plaintiff's request to set aside the ALJ's decision and have the case remanded for an award of benefits given the rejection of the ALJ's authority and where a full record would have to be developed in any case. Remand is the appropriate remedy in this case.

## V. CONCLUSION

Watts' hearing took place before an ALJ not appointed in accordance with the Appointments Clause of the United States Constitution. The precedential opinion in *Cirko v. Commissioner of Social Security* requires that the ALJ's opinion be vacated, and that her case be remanded for a new hearing before a different, constitutionally appointed ALJ. An appropriate order follows.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE